# IN THE COURT OF APPEALS OF IOWA

No. 14-0285
Filed April 16, 2014

**IN THE INTEREST OF M.R.B. and D.J.S.,**
  **Minor Children,**

**H.S., Mother,**
  Appellant.

_____

Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic, District Associate Judge.


A mother appeals the permanency order transferring guardianship of her children to their maternal grandmother.  **AFFIRMED.**


David Kuehner of Eggert, Erb, Mulcahy & Kuehuer, P.L.L.C., Charles City, for appellant mother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, and Normand Klemesrud, County Attorney, for appellee.

Cynthia Schuknecht of Noah, Smith & Schuknecht, P.L.C, Charles City, for minor children.


Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**TABOR, J.**

A mother, Heather, appeals the permanency order transferring guardianship of her sons, who are ages seventeen and seven, to their maternal grandmother. She argues the juvenile court violated her right to a fair hearing by extensively questioning her from the bench.

The Department of Human Services (DHS) started working with this family in February 2012, following reports of methamphetamine manufacturing in Heather's home. The DHS sought removal of the children, M.R.B. and D.J.S., after Heather tested positive for drugs on February 20, 2013.

On February 22, 2013, the State filed a child in need of assistance (CINA) petition, alleging the mother's drug use resulted in the children not receiving adequate care under Iowa Code section 232.2(6) (2013). The juvenile court held an adjudicatory hearing on April 11, 2013, at which the parties stipulated to the CINA adjudication. The DHS placed the children in the home of their maternal grandmother, where they remained throughout the case.

The court held disposition hearings on May 16[1] and October 24, 2013, but Heather did not attend. The court found Heather was resisting substance abuse services and was not forthcoming about her actions. The court also found the condition of Heather's home was unsafe for the return of the children.

The permanency hearing at issue in this appeal occurred on February 13, 2014. The juvenile court faced the following options: return the children home, continue the dispositional order for six months, direct the State to start termination of parental rights proceedings, or transfer guardianship to a suitable

---

[1] From May until June of 2013, the mother's whereabouts were unknown.

person. *See* Iowa Code § 232.104(2). At the hearing, the juvenile court adopted the DHS recommendation to appoint the children's maternal grandmother as guardian. The juvenile court did not transfer jurisdiction to the district court because it wanted to continue to monitor whether the older brother was attending high school. The State defends the permanency order on appeal.[2]

Heather testified at the permanency hearing. After examination by her attorney, the State's attorney, and the GAL, the juvenile court engaged in its own questioning of the witness. The court asked a total of thirty-one questions of the mother. The questions inquired into the frequency of her visits with the children, her participation in mental health and drug treatment programs and other community services. The court then asked the attorneys, "[B]ased on my questions, do you have anything else with respect to this witness?" The attorneys did not have any further questions for Heather.

On appeal, Heather argues the juvenile court violated her due process rights to a fair hearing by engaging in the protracted questioning. Her attorney claims to have preserved error on this issue "by contesting the factual basis for the finding at hearing and filing a timely Notice of Appeal."

The State contends the mother did not properly preserve error. We agree with the State. First, "the notice of appeal has nothing to do with error preservation." *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice,* 55 Drake L.Rev. 39, 48 (Fall 2006). Second, contesting the underlying factual basis

---

[2] On March 24, 2014, the guardian ad litem (GAL) filed a joinder with the State's position, noting the older brother, D.J.S., opposes reunification with his mother. The GAL also asserts reunification would not be in the children's best interest.

for the permanency order did not preserve error on the mother's evidentiary or constitutional claims advanced on appeal. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) (explaining "general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases"); *see also In re K.C.,* 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal.").

Iowa Rule of Evidence 5.614(c), patterned after a federal rule of evidence, requires counsel to object at the time of the judge's questioning. The rule provides:

> a. Calling by court. For good cause in exceptional cases, the court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called.
> b. Interrogation by court. When necessary in the interest of justice, the court may interrogate witnesses, whether called by the court or by a party.
> c. Objections. Objections to the calling of witnesses by the court or to interrogation by it may be made at the time or at the next available opportunity when the jury is not present.

Iowa R. Evid. 5.614.

The federal advisory committee notes to subsection (c) discuss the requirement of a timely objection. "The provision relating to objections is designed to relieve counsel of the embarrassment attendant upon objecting to questions by the judge in the presence of the jury, while at the same time assuring that objections are made in apt time to afford the opportunity to take possible corrective measures." Federal courts have held a post-trial motion does not suffice to preserve errors of judicial interference. *United States v. Smith*, 452 F.3d 323, 331 (4th Cir. 2006) (citing *United States v. Godwin*, 272 F.3d 659, 672

(4th Cir. 2001)); *see also United States v. Vega*, 589 F.2d 1147, 1153 (2d Cir. 1978) (noting original version of rule 614 included an automatic objection, but was criticized because "Judges are not so sensitive that counsel should be reluctant to make a proper objection merely because the question came from the bench"). We are persuaded by the federal precedent because Iowa's rule 5.614(c) tracks its federal model. *See State v. Paredes*, 775 N.W.2d 554, 561 (Iowa 2009) (holding when our rule of evidence is identical in all relevant aspects to its federal counterpart, "interpretations of the federal rule are often persuasive authority for interpretations of our state rule"). If the drafters of our rule did not want to require error preservation, they could have revised the federal rule as at least one other state has done. *See* N.C. Gen. Stat. Ann § 8C-1, Rule 614 (2013) ("No objections are necessary with respect to the calling of a witness by the court or to questions propounded to a witness by the court but it shall be deemed that proper objection has been made and overruled.").

We conclude the mother did not preserve error on the question whether the judge's questioning was "necessary in the interest of justice" under rule 5.614(b) or whether the interrogation violated her due process rights. The juvenile court specifically asked the mother's attorney if she had any further inquiry in light of the judge's questions, and the attorney declined to take any curative measures. The failure of the mother's attorney to object at the hearing waived her right to complain on appeal. Because the mother raises no other issues concerning the permanency order, we affirm the juvenile court.

**AFFIRMED.**